**Alexandria**
JAMES PHILLIPS TIPTON, II
v.
COMMONWEALTH OF VIRGINIA
No. 2418-92-2
Decided May 17, 1994

Counsel

Gordon W. Poindexter, Jr. (Linda Schorsch Jones; Poindexter & Schorsch, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

Opinion

MOON, C.J.—James Phillips Tipton, II, was convicted of involuntary manslaughter by unintentionally causing death as the result of driving an automobile while under the influence of alcohol. *See* Code § 18.2-36.1. On appeal, Tipton argues (1) that the trial court erred in denying his motion to suppress the results of his blood test; (2) that the Commonwealth's noncompliance with the implied consent statute mandated suppression of the blood test evidence; and (3) that the evidence was insufficient to sustain Tipton's conviction for involuntary manslaughter. We disagree and affirm.

Tipton was involved in a fatal two-car accident on Route 250 West in Albemarle County. While investigating the accident, Trooper J.C. Parker learned that Tipton was the driver of one of the cars involved in the accident and that he had been taken to the University of Virginia hospital emergency room. One of the rescue personnel informed Trooper Parker that Tipton had a detectable alcohol odor about him and that Tipton had said he had consumed three beers and that "he had screwed up."

Because Trooper Parker could not leave the accident scene, he informed the State Police dispatcher of a possible fatality and that he had probable cause for a driving while intoxicated charge. He asked the dispatcher to send another trooper to the hospital.

The dispatcher sent Trooper John Pannel to the hospital to interview and obtain a blood test from the driver. Pannel found Tipton and advised him of his *Miranda* rights and of the Virginia implied consent law, Code § 18.2-268(b).[1] Tipton chose to take a blood test, which a physician administered.

At trial, the Commonwealth conceded that the blood test was inadmissible under Code § 18.2-268(b) because it was administered more than two hours after the accident and was not taken pursuant to a valid arrest under Code § 19.2-81. Instead, the Commonwealth argued that Trooper Pannel was entitled to conduct a search of Tipton because he consented to the test, and that even absent such consent there was sufficient probable cause to justify a search based upon the exigent circumstances exception to the warrant requirement of the Fourth Amendment of the United States Constitution.

The trial court found that the blood test given to Tipton was without valid consent because Tipton was not under arrest and the test was administered more than two hours after the accident. However, the trial court found that Trooper Pannel did not unconstitutionally seize Tipton because Pannel had probable cause to arrest him. The trial court further found that exigent circumstances justified the taking of Tipton's blood.

At trial, the Commonwealth introduced the results of Tipton's blood test through testimony of the chemist who analyzed his blood. The Commonwealth did not rely upon the certificate of analysis from the blood test or on the statutory presumption of intoxication. The test revealed that Tipton's blood alcohol was .10 percent by weight by volume. An expert testified that Tipton's blood alcohol count was between .12 and .15 percent by weight by volume at the time of the accident, and that with such a blood alcohol content, a driver would experience a loss of information

---

[1] Code § 18.2-268(b) was repealed in 1992 and replaced by revised statutes, renumbered Code §§ 18.2-268.1 through 18.2-268.12. Because this case is governed by the statutes in effect prior to 1992, all references in the opinion will be to the former statute.

processing skills, diminished tracking skills, some loss of peripheral vision, and slowed reaction. The court found Tipton guilty of involuntary manslaughter and sentenced him to serve ten years in the penitentiary.

■ A blood test of the type administered to Tipton is a "search" within the meaning of the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 766-67 (1966). A warrantless search is per se unreasonable and violative of the Fourth Amendment of the United States Constitution, subject to certain exceptions. *Fore v. Commonwealth*, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied*, 449 U.S. 1017 (1980).

■ One well established exception to the warrant requirement exists when there are exigencies in a situation which make such an exception "imperative." *New York v. Belton*, 453 U.S. 454, 457 (1981). Where exigent circumstances dictate that police literally must act "now or never" to preserve evidence of the crime, it is reasonable to permit action without prior judicial evaluation. *Wright v. Commonwealth*, 222 Va. 188, 193, 278 S.E.2d 849, 853 (1981).

■ In *Schmerber*, the United States Supreme Court held that exigent circumstances justified warrantless seizure of a blood sample for alcohol level analysis when police had probable cause to arrest and feared loss of evidence by dissipation of alcohol in the blood. 384 U.S. at 666-72. However, a warrantless search of that kind will be upheld only if (1) the process is a reasonable one which is performed in a reasonable manner; (2) there was in advance "a clear indication that in fact [the evidence sought] will be found;" and (3) there were exigent circumstances, such as a need to take the test before the percentage of alcohol in the blood diminished. *Id.* at 770-71.

Tipton does not claim that his blood test was unreasonable. In fact, he expressed a preference for a blood test over a breath test. Trooper Pannel had a clear indication from his dispatcher that Tipton's blood alcohol count would be found through the prescribed blood test. Finally, exigent circumstances existed due to the dissipating nature of alcohol in blood. "[T]he delay necessary to produce a warrant [for a blood test] may result in the destruction of valuable evidence." *Skinner v. Railway Labor Exec. Ass'n*, 489 U.S. 602, 623 (1989).

Because circumstances facing Trooper Pannel met the criteria set forth in *Schmerber*, we find that Tipton's alcohol blood reading was properly obtained pursuant to the exigent circumstances exception. Whether the Commonwealth failed to adhere to the implied consent law is immaterial, because the Commonwealth did not rely upon the certificate of analysis or presumption of intoxication.

■ Finally, Tipton argues that the evidence was insufficient to support his involuntary manslaughter conviction. On appeal, we consider the evidence in the light most favorable to the Commonwealth, granting to it all fair inferences reasonably deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The evidence showed that Tipton sped down a curvy, mountain road at night, that he proceeded into a right-hand curve in his lane of travel, then swerved right onto the shoulder of his lane and left across the median and struck the victim's car. Although he claimed that he saw headlights in his lane, other eyewitnesses refuted Tipton's testimony. Expert testimony showed that Tipton was under the influence of alcohol. Therefore, the evidence was sufficient to prove that Tipton unlawfully, feloniously, and unintentionally caused the child's death as a result of driving under the influence of alcohol. *See* Code § 18.2-36.1.

*Affirmed.*

Elder, J., and Cole, S.J.,* concurred.

---

* Judge Marvin F. Cole was appointed Senior Judge effective July 12, 1993, pursuant to Code § 17-116.01:1.