COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


STEPHEN DOUGLAS PAYNE
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2870-95-4      JUDGE RICHARD S. BRAY
                                         MARCH 25, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      Benjamin N. A. Kendrick, Judge

              (Exequiel R. Sevilla, Jr., on brief), for
              appellant.  Appellant submitting on brief.

              (Kathleen B. Martin, Assistant Attorney
              General; James S. Gilmore, III, Attorney
              General, on brief), for appellee.  Appellee
              submitting on brief.


        Stephen Douglas Payne (defendant) was convicted by a jury

for possession of cocaine.  On appeal, he asserts that the trial

court erroneously admitted hearsay evidence, a certificate of

analysis which did not comport with the provisions of Code

§ 19.2-187.  We agree and reverse the conviction.

        The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

        During trial, the Commonwealth offered the disputed

certificate into evidence, and defendant objected, arguing that

it constituted hearsay.  Although the legislature has excepted a

certificate of analysis prepared in accordance with Code

─────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

§ 19.2-187 from the disability of hearsay, a certificate lacking the requisite attestation clause or otherwise not in "strict compliance" with the statute remains "subject to a valid hearsay objection." Frere v. Commonwealth, 19 Va. App. 460, 463-65, 452 S.E.2d 682, 685-86 (1995); Myrick v. Commonwealth, 13 Va. App. 333, 337-38, 412 S.E.2d 176, 178 (1991). The Commonwealth does not contend that the disputed certificate included a proper attestation clause. Thus, confronted with defendant's proper objection in this instance, the Commonwealth was unable to establish a statutory or other exception to the hearsay rule, leaving the certificate inadmissible evidence. See, e.g., Neal v. Commonwealth, 15 Va. App. 416, 420-22, 425 S.E.2d 521, 523-25 (1992).

The Commonwealth, nevertheless, urges that we affirm the conviction, contending that the improper evidence was harmless. Non-constitutional error is harmless if "'it plainly appears from the record and the evidence given at the trial that' the error did not affect the verdict." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678); see id. at 1009, 407 S.E.2d at 913. "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Id. at 1005, 407 S.E.2d at 911; see Woodward v. Commonwealth, 16 Va. App. 672, 675, 432 S.E.2d 510, 512 (1993) (inadmissible evidence

which is "merely cumulative of other, undisputed evidence" does not affect the verdict).  Whether an error at trial has affected the verdict is necessarily case specific.  See Lavinder, 12 Va. App. at 1009, 407 S.E.2d at 913.

We acknowledge that "lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction."  United States v. Scott, 725 F.2d 43, 45 (4th Cir. 1984) (quoting United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976)).  However, Castillo v. Commonwealth, 21 Va. App. 482, 465 S.E.2d 146 (1995), teaches that oftentimes the prejudicial effect of inadmissible evidence impairs an independent assessment of the admissible evidence by the fact finder, thereby infecting the verdict with error.

In this instance, we are "'unable to say what effect the [inadmissible] evidence had on the [fact finder's] decision,'" despite "independent evidence [of the nature of the substance]."  Id. at 490, 465 S.E.2d at 150 (quoting Durant v. City of Suffolk, 4 Va. App. 445, 449, 358 S.E.2d 732, 734 (1987)); see also Cartera v. Commonwealth, 219 Va. 516, 248 S.E.2d 784 (1978) (physician's testimony detailing victims' statements and his opinion that each had been raped found not harmless).  Accordingly, we reverse the conviction and remand to the trial court for further proceedings consistent with this opinion, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>