BENTON, Judge,
dissenting.
I.
Franklin Eugene Hall was indicted for aggravated involuntary manslaughter and tried by a jury. In pertinent part, Code § 18.2-36.1 provides as follows:
A. Any person who, as a result of driving under the influence in violation of subdivision (ii), (iii), or (iv) of [Code] § 18.2-266, unintentionally causes the death of another person, shall be guilty of involuntary manslaughter.
B. If, in addition, the conduct of the defendant was so gross, wanton and culpable as to show a reckless disregard for human life, he shall be guilty of aggravated involuntary manslaughter, a felony punishable by a term of imprisonment of not less than one nor more than twenty years, one year of which shall be a mandatory, minimum term of imprisonment.
“The statute’s very language ... requires ... proof of a causal connection between the driver’s intoxication and the death of another person.” Pollard v. Commonwealth, 20 Va.App. 94, 99, 455 S.E.2d 283, 286 (1995); see also Castillo v. Commonwealth, 21 Va.App. 482, 494-95, 465 S.E.2d 146, 152 (1995).
Hall proposed the following jury instruction, which the trial judge refused:
The phrase “as a result of driving under the influence ... causes the death” requires proof of a causal connection between the driver’s intoxication and the death of another person. Therefore, even if you find beyond a reasonable doubt that the defendant was driving while intoxicated, he *638 cannot be found guilty of either grade of involuntary manslaughter unless you also find, beyond a reasonable doubt a causal connection between the defendant’s intoxication and the death of Wayne A. Holmes.
The causal connection required is a cause “which in the natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury without which the result would not have occurred.”
“A reviewing court’s responsibility in reviewing jury instructions is ‘to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.’ ” Darnell v. Commonwealth, 6 Va.App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).
“The purpose of an instruction is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict, so far as it is competent for the court to assist them. The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring' into view the relation of the particular evidence adduced to the particular issues involved. In his instructions the trial judge should inform the jury as to the law of the case applicable to the facts in such a manner that they may not be misled.”
Cooper v. Commonwealth, 2 Va.App. 497, 500, 345 S.E.2d 775, 777 (1986) (citation omitted).
I would hold that the trial judge erred in refusing to give Hall’s proposed instruction. The trial judge did “not [say Hall’s] statement of the law is wrong.” Instead, the trial judge ruled that Hall’s instruction was redundant of the following instruction, offered by the Commonwealth:
The defendant is charged with the crime of aggravated involuntary manslaughter. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
1. That the defendant was driving a motor vehicle; and
*639 2. That at the time he was under the influence of alcohol; and
3. That as a result of driving under the influence the defendant unintentionally caused the death of Wayne Holmes; and
4. That the defendant’s conduct was so gross, wanton and culpable as to show a reckless disregard for human life.
If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty, but you shall not fix the punishment until your verdict has been returned and further evidence is heard by you.
If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the first three elements of the offense as charged but you do not find beyond a reasonable doubt that the defendant’s conduct was so gross, wanton and culpable as to show a reckless disregard for human life then you shall find the defendant guilty of involuntary manslaughter, but you shall not fix the punishment until your verdict has been returned and further evidence is heard by you.
If you find that the Commonwealth has failed to prove beyond a reasonable doubt any of the above offenses, then you shall find the defendant not guilty.
The principle is well established that “[e]ach party is entitled to have jury instructions upon vital points in language chosen by it, if the instruction is a correct statement of the law.” Broady v. Commonwealth, 16 Va.App. 281, 291, 429 S.E.2d 468, 474 (1993); see also Jeffress v. Virginia Ry. & Power Co., 127 Va. 694, 714, 104 S.E. 393, 399 (1920). Thus, “when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter.” Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991). The principle is equally well established that it is error not to instruct the jury on a point at issue when the jury may make findings based upon a *640 mistaken belief of the law. See Martin v. Commonwealth, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977) (per curiam).
Hall’s defense was that the motorcyclist’s own actions were the proximate cause of his death. Because there was evidence from which the jury could have found that Hall turned when he had a green arrow, the issue of causal connection between Hall’s intoxication and the accident was a significant issue for the jury to resolve. Yet, the finding instruction the Commonwealth offered and the trial judge gave the jury sparingly stated that an element of the offense is “[t]hat as a result of driving under the influence [Hall] unintentionally caused the death.” The instruction tendered by Hall was explanatory of this instruction and would have provided the jury the proper legal standard by which to determine the required causal connection. It was a more complete statement of the phrase, “as a result of driving,” and was intended to inform the jury that the law requires more than mere proof that Hall was driving while intoxicated to establish a causal connection to the death. Thus, Hall’s instruction was appropriate and warranted.
Indeed, the trial judge clearly recognized that other portions of the finding instruction were inadequate and gave instructions explaining to the jury two of the finding instruction’s concepts. The jury was instructed concerning the phrase, “under the influence of alcohol,” which is referenced in the second paragraph of the finding instruction. The trial judge told the jury that “[a] person is under the influence of alcohol if he has drunk enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior as to be apparent to observation.” In addition, the judge elaborated on the fourth paragraph of the finding instruction by informing the jury that “[g]ross or culpable and wanton conduct is that which indicates a callous disregard of human life and of the probable consequences of that conduct.”
Hall was no less entitled to have the jury fully instructed as to the requirements of a causal connection. The third para *641 graph of the finding instruction clearly did not adequately convey the requirement of causal connection. The refused instruction, as were these other clarifying instructions, was more explanatory and a fuller explication of the finding instruction. Indeed, the refused instruction was essential to properly inform the jury concerning the applicable law.
Furthermore, the Commonwealth’s attorney rendered Hall’s proposed instruction even more important when he told the jury the following in his closing argument:
[A]s a result of being under the influence, [Hall] unintentionally caused the death of Mr. Holmes. Is there any doubt about that? He didn’t set out that day to kill Mr. Holmes, but it was the instrumentality that he was operating while he was drunk that killed Mr. Holmes and there isn’t any question about that.
Without Hall’s proposed instruction, the jury could easily have failed to understand that to find Hall guilty of involuntary manslaughter, they had to find that his inebriation caused the accident, not just that he happened to be “drunk” when the accident occurred. For these reasons, I disagree with the majority’s holding that the finding instruction adequately stated the elements of the offense. Accordingly, I would reverse the conviction and remand for a new trial.
The majority opinion also holds that the last paragraph of Hall’s proposed instruction was improper because it was derived from civil model jury instructions. In so finding, the majority relies on Hubbard v. Commonwealth, 243 Va. 1, 413 S.E.2d 875 (1992). Hubbard, however, does not stand for the principle that language which properly defines a criminal law concept is improper simply because it is drawn from a civil jury instruction. The Supreme Court rejected Hubbard’s proposed jury instructions because they inappropriately injected definitions of civil negligence in a case concerning criminal negligence. See id. at 15, 413 S.E.2d at 882-83 (holding “that by attempting to inject inapplicable principles of civil negligence into a criminal trial, Instructions B and C would have created confusion and would have been misleading”).
*642 Hall merely relied on the applicable language from a civil instruction for definitional support of a concept that is pertinent in both criminal and civil cases. Significantly, the trial judge did not rule that Hall’s proposed instruction misstated the law. Likewise, the Commonwealth does not suggest that the instruction is an incorrect statement of the required causal relationship or that it would mislead the jury. Instead, the trial judge ruled, and the Commonwealth argues, that the instruction is improper because it is redundant and that Hall offered the instruction to “underscore[ ] the theory of [his] case.”
Hall’s theory of the case, however, was that the jury should be instructed upon “such language ... [as was] in keeping with the law.” Jeffress, 127 Va. at 714, 104 S.E. at 399. None of the instructions told the jury the Commonwealth had to prove a causal connection between Hall’s inebriation and the death of Holmes. As the majority opinion notes, Pollard “correctly” held that Code § 18.2-36.1 requires proof of causation. See 20 Va.App. at 99, 455 S.E.2d at 286 (holding that the language of the statute clearly “requires ... proof of a causal connection between the driver’s intoxication and the death of another person”). “It is elementary that a jury must be informed as to the essential elements of the offense; a correct statement of the law is one of the essentials of a fair trial.” Darnell, 6 Va.App. at 488, 370 S.E.2d at 719 (internal quotations and citations omitted).
II.
I agree with the majority opinion that the trial judge erred in allowing the introduction in the Commonwealth’s case-in-chief of testimony regarding Hall’s prior convictions for driving under the influence of alcohol. I disagree, however, that other admissible evidence, proving Hall had been drinking, overshadowed the effect of the improperly admitted evidence. The uncontested evidence in the record proved that Hall’s blood alcohol content measured .22 when tested at the police station. Although the evidence clearly proved that Hall had *643 been drinking, it did not clearly prove that Hall’s drinking caused the accident.
The evidence in the record concerning the cause of the accident was disputed. The testimony of several witnesses who had no connection to either Hall or the motorcyclist provided a basis upon which the jury could have determined that Hall turned at a time when he was privileged to do so. No evidence proved that Hall was speeding or driving recklessly prior to the accident. Indeed, the evidence indicated Hall was stopped at the intersection ready to turn, seconds before the accident. The evidence also proved that the motorcyclist that collided with Hall in the intersection had a blood alcohol concentration of .18, a violation of Code § 18.2-266.
Proof that Hall had prior suspensions and convictions for driving under the influence could have led the jury to conclude that Hall was driving with a reckless disregard for human life in this instance. This inadmissible evidence was unduly prejudicial because it had the tendency to affect the manner in which the jury viewed the credibility of Hall and the witnesses who testified that the accident had another cause. It was not harmless because we “can[not] conclude, without usurping the jury’s fact finding function, that, had the error not occurred, the verdict would have been the same.” Lavinder v. Commonwealth, 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). “While the other evidence amply supports the jury’s verdicts, the disputed testimony may well have affected the jury’s decision.” Cartera v. Commonwealth, 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978). Thus, the probative value of the improper evidence clearly did not outweigh its incidental prejudice. See Guill v. Commonwealth, 255 Va. 134, 141-42, 495 S.E.2d 489, 492-93 (1998).
III.
Finally, I agree with the majority that the trial judge erred in admitting the results of the “alco-sensor” breath alcohol test. For all these reasons, I would reverse the conviction and remand for a new trial.