COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Elder
Argued at Salem, Virginia


FREDRICK SHAFT PRICE

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 1628-99-3           JUDGE SAM W. COLEMAN III
                                           OCTOBER 10, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       James F. Ingram, Judge

            Joseph R. Winston (Elwood Earl Sanders, Jr.,
            Appellate Defender; Public Defender
            Commission, on briefs), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Fredrick Shaft Price was convicted in a bench trial of

possession of cocaine with intent to distribute and felonious

assault and battery of a police officer.  On appeal, Price

argues that the trial court erred by denying his motion to

suppress the cocaine and that the evidence is insufficient to

support his assault and battery conviction.  We disagree and

affirm the convictions.


─────────────────────
     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I.  BACKGROUND

Police Officers Matthew Walker and J.W. McLaughlin were on foot patrol at approximately 10:30 p.m. when they encountered a vehicle with its rear passenger door open "sitting in the middle of the street in the lane of traffic."  The vehicle was approximately three or four feet from the curb.  The officers observed another car approach, which had to go around the vehicle because it was stopped in the road.  The officers observed a person get in the stopped vehicle and the vehicle proceeded toward them.  The officers stopped the driver of the vehicle, intending to give the driver a citation for impeding the flow of traffic.

Officer McLaughlin stood beside the driver's door and gathered information from the driver.  Officer Walker went to the passenger side of the vehicle where another individual was sitting in the front passenger seat.  The defendant, Price, was sitting in the back seat behind the passenger.  Officer Walker noticed what he testified to as an open beer bottle protruding from a brown paper bag between Price's legs.  Walker asked Price for the bottle and, as Price handed Walker the bottle, Price opened the back door of the vehicle.  Walker closed the door and instructed Price to roll down the window so that Walker could obtain information from Price as to his name and social security number.  While Walker was attempting to obtain the information

from Price, Price "tried to jump out of the car and threw the door open." Walker, who was standing "directly in front of the door" speaking with the defendant, was "struck" by the door as it "flew open" and was "knocked back." Walker "grabbed hold of the door" to keep from falling. He tried to shut the car door, but Price was "already half-way out." Walker "grabbed hold" of Price as Price exited the car and tried to flee, and a struggle ensued between them. Walker and McLaughlin were able to subdue Price and handcuff him. Price was arrested for assaulting a police officer.

Walker conducted a search incident to arresting Price and found $198 in cash in Price's pants pocket and two baggies containing an off-white rock-like substance in his jacket pocket. Officer McLaughlin searched Price's book bag and found digital scales and several razors. The rock-like substance was analyzed and determined to be cocaine.

## II. ANALYSIS

### A. Motion to Suppress

Price argues that the trial court erred by denying his motion to suppress. He argues that the officers had no reasonable basis to suspect that beer was in the bottle until after they seized it. In other words, he claims that the evidence was insufficient to cause a police officer to reasonably suspect that he possessed an open container of beer.

Accordingly, Price asserts that when Walker demanded the bottle, that action constituted an illegal search and seizure for Fourth Amendment purposes, which action was prior to the time the officer had reason to suspect that the bottle contained beer. Additionally, Price argues, even if the officer had reason to suspect that Price possessed an open container of beer, a violation of the open container ordinance is a misdemeanor not punishable by confinement and, therefore, under Knowles v. Iowa, 525 U.S. 113 (1998), the officer's request that Price remain in the vehicle after the bottle was seized constituted an unlawful detention which led to the unlawful search which led to the discovery of the cocaine.[1]

When we review a trial court's denial of a suppression motion, "[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991) (citation omitted). "[W]e are bound by the trial court's

---

[1] On appeal, Price "assumes," without conceding, that the Danville ordinance, prohibiting an open alcoholic beverage container in public in Danville, prohibits possession of an open container in a vehicle on a public street. He does not contend on appeal that his possession of an open container of beer would not be a violation of the Danville ordinance. Accordingly, we are not called upon to, and do not, decide whether possession of an open container of beer by a passenger in the back seat of a car on a public street violates Danville's open container ordinance.

findings of historical fact unless 'plainly wrong' or without evidence to support them." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). "However, we consider de novo whether those facts implicate the Fourth Amendment and, if so, whether the officers unlawfully infringed upon an area protected by the Fourth Amendment." Hughes v. Commonwealth, 31 Va. App. 447, 454, 524 S.E.2d 155, 159 (2000) (en banc) (citing McGee, 25 Va. App. at 198, 487 S.E.2d at 261).

"A warrantless search is per se unreasonable and violative of the Fourth Amendment of the United States Constitution, subject to certain exceptions." Tipton v. Commonwealth, 18 Va. App. 370, 373, 444 S.E.2d 1, 3 (1994) (citation omitted). However, searches made by law enforcement officers incident to arrest are permitted as an exception to the warrant requirement. See United States v. Robinson, 414 U.S. 218, 235 (1973). In Robinson, the United States Supreme Court noted that the authority to conduct a search incident to arrest is based on the need to disarm the suspect in order to take him into custody and the need to preserve evidence for later use at trial. See id. at 234. The Court stated that a custodial arrest involves "danger to an officer" because of "the extended exposure which follows the taking of a suspect into custody and transporting him to the police station." Id. at 234-35.

Here, the officers lawfully stopped the vehicle to issue the driver a citation for impeding the flow of traffic.  Viewing the evidence in the light most favorable to the Commonwealth, the evidence shows that, while Walker was standing outside the passenger-side door, he observed what he perceived was an open beer bottle.  Walker testified that when he approached the passenger-side door, he "noticed [Price] with a beer between his legs."  Upon seeing the clear bottle protruding from the bag, Walker readily recognized the object as an open Corona beer bottle.  Walker described the bottle and what it contained.  Although Price contends that, upon viewing the record as a whole, it is apparent that the officer was not aware that the bottle contained beer until after he seized and examined it, from our reading of the record, in the light most favorable to the Commonwealth, that conclusion does not necessarily follow.  Based on the foregoing reading of the record, the officer had reasonable suspicion that Price had an open container of beer between his legs.  Therefore, the officer was lawfully permitted to detain Price while he investigated the ordinance violation.  See Terry v. Ohio, 392 U.S. 1 (1968).  "'[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional

information.'" Parker v. Commonwealth, 255 Va. 96, 104, 496

S.E.2d 47, 52 (1998) (quoting Hayes v. Florida, 470 U.S. 811,

816 (1985)). Thus, regardless of the fact that Walker could not

search Price incident to an offense for which he only could

issue a citation, see Knowles, 525 U.S. 113, the officer could

lawfully detain Price to investigate the Danville ordinance

violation and to issue a summons.

In addition, the officer was permitted to briefly detain

Price, as a passenger in the vehicle, pending the completion of

the traffic stop of the vehicle and the driver. See Harris v.

Commonwealth, 27 Va. App. 554, 561-63, 500 S.E.2d 257, 260-61

(1998) (holding that law enforcement officers are permitted,

following a lawful traffic stop, to detain the occupants of the

vehicle, pending the completion of the traffic stop); see also

Hatcher v. Commonwealth, 14 Va. App. 487, 491-92, 419 S.E.2d

256, 258-59 (1992) (holding that in effecting a traffic stop, an

officer, to ensure his safety and to maintain control of a

potentially hazardous situation, may briefly detain not only the

driver but the passengers as well). In Maryland v. Wilson, 519

U.S. 408, 415 (1997), the United States Supreme Court held that

"an officer making a traffic stop may order passengers to get

out of the car pending completion of the stop." The Court

reasoned that:

> danger to an officer from a traffic stop is
> likely to be greater when there are

- 7 -

> passengers in addition to the driver in the stopped car.  While there is not the same basis for ordering the passengers out of the car as there is for ordering the driver out, the additional intrusion on the passenger is minimal.

Id. at 414-15.  In Wilson, the Court extended its holding from Pennsylvania v. Mimms, 434 U.S. 106 (1977) (per curiam), in which it held that "a police officer may as a matter of course order the driver of a lawfully stopped car to exit his vehicle," to passengers of the vehicle.  519 U.S. at 410.  The Court in Wilson found that the "same weighty interest in officer safety is present regardless of whether the occupant of the stopped car is a driver or passenger."  Id. at 413.

Thus, Walker lawfully detained Price by directing that he remain in the vehicle because he was entitled to do so while he investigated the open container violation and because, under the circumstances, he could require as a safety precaution that Price remain in the vehicle while the driver was being issued a citation.  Because Walker's intrusion on Price's privacy rights and freedom of movement was minimal when weighed against the officers' safety, the brief detention was lawful.

After Walker shut the car door, effectively ordering him to remain in the vehicle, Price "threw" the door open a second time, hitting Walker with the car door as Price attempted to leap out of the car.  Thereafter, Price was subdued and handcuffed for assaulting a police officer with the car door.

The officer did not search Price incident to issuing him a citation for having an open alcoholic beverage container. Rather, the officer searched Price incident to his lawful arrest pursuant to Code § 18.2-57(C) for felonious assault of a police officer. See Robinson, 414 U.S. at 235. Accordingly, we hold that the trial court did not err by denying Price's motion to suppress the cocaine.

### B. Sufficiency of the Evidence

Price argues that the evidence is insufficient to support his conviction for assault and battery. Price, relying on Haywood v. Commonwealth, 20 Va. App. 562, 458 S.E.2d 606 (1995), argues that the evidence failed to show that he had the requisite intent. He asserts that he was merely attempting to flee the scene.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986) (citations omitted).

To sustain a conviction under Code § 18.2-57(C), the Commonwealth must prove that Price assaulted an individual that he knew or had reason to know was a police officer engaged in the performance of his duties. "An assault and battery is an unlawful touching of another. It is not necessary that the touching result in injury to the person. Whether a touching is a battery depends on the intent of the actor, not on the force applied." Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998) (citation omitted). "'Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence.'" Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) (citations omitted). "[A] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977) (citation omitted).

Price's reliance on Haywood is misplaced. In Haywood, the defendant had a verbal altercation with another individual at a park. After the altercation, the defendant got into his truck and sped off toward the park exit. The victim promptly called the police. Three officers in separate vehicles tried to stop the defendant, who was traveling down the middle of the road at a high rate of speed. Two officers, individually, set up roadblocks by placing their vehicles in the defendant's path.

- 10 -

Each time the defendant approached a roadblock, he failed to slow down. The officers had to take evasive action to avoid a collision. The defendant was convicted of two counts of attempted capital murder of a police officer. We reversed the convictions, finding that the Commonwealth's evidence failed to exclude the reasonable hypothesis of innocence, that being the defendant was merely attempting to avoid apprehension. We noted, however, that "[t]here was no evidence that [the defendant] ever swerved or aimed his truck to hit the police cars when they pulled out of his path or that he turned his truck around in an attempt to hit the police cars after passing by them." Id. at 567, 458 S.E.2d at 608-09.

Here, the evidence viewed in the light most favorable to the Commonwealth proves that, although Price attempted to flee, he "threw the door open," striking Walker who was standing directly in front of the door. See Moody v. Commonwealth, 28 Va. App. 702, 708, 508 S.E.2d 354, 357 (1998) (finding that, although the defendant "plainly sought to flee," the evidence also proved that he had the further intent to run down the victim with his vehicle in the process of fleeing). Because Walker was directly in front of the door, the only possible way Price could have exited the car through the door was by first striking Walker. The fact finder could reasonably infer that Price intended to strike Walker with the car door in order to flee the scene. We,

therefore, find that the evidence is sufficient to support the conviction.

Accordingly, we affirm the trial court's ruling denying Price's motion to suppress and affirm his conviction for felonious assault and battery of a police officer.

<u>Affirmed.</u>