COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Humphreys and Senior Judge Hodges
Argued at Richmond, Virginia


RAY CHARLES JONES

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2079-03-2                      JUDGE WILLIAM H. HODGES
                                                         JULY 20, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                         Edward L. Hogshire, Judge

            Charles L. Weber, Jr., for appellant.

            Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        In a bench trial, Ray Charles Jones (appellant) was found guilty of carrying a concealed

weapon.  On appeal, appellant contends the trial court erred in denying his motion to suppress

because the police conducted an unlawful search of his property.  Finding no error, we affirm

appellant's conviction.

                                          Facts

        "In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the

defendant] to show that th[e] ruling, when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193,

197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted).

        In the early morning hours of September 24, 2002, Officer Louis Roy and another

Charlottesville police officer spotted appellant sitting on a bench in a public park.  The park was

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

closed at the time. As the officers approached, appellant started to walk away. Officer Roy asked appellant what he was doing there. Appellant replied that he was drinking a beer. Possession of alcohol was prohibited at all times in the park. Appellant was carrying over his shoulder a green zippered duffle bag. Officer Roy asked where the beer was. Appellant said the beer was in the bag, but the beer was not open. Upon the officer's request, appellant put the bag on a picnic table.

Officer Roy asked to see the beer. Appellant began unzipping the bag. Officer Roy said, "No, I'll open the bag." As the officer unzipped the bag appellant said, "Okay, it is open." The officer saw inside the bag a container of beer that had been opened, but was re-capped. Beneath the container of beer Officer Roy saw a firearm. The officer placed appellant under arrest for possession of a concealed weapon.

Officer Roy testified he unzipped the bag to obtain a sample of the beer so he could charge appellant with drinking in public, a misdemeanor. He said he did not permit appellant to unzip the bag himself due to safety concerns.

At the hearing on appellant's motion to suppress, the trial court found appellant did not voluntarily consent to the search of the bag. However, the court concluded that the warrantless search of the bag was lawful because the police possessed probable cause to believe the bag contained an alcoholic beverage, which was prohibited in the park. The trial court also ruled exigent circumstances were present, thus excusing the need for a warrant to search appellant's bag.

<u>Analysis</u>

When we review a trial court's denial of a suppression motion, "[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." <u>Commonwealth v. Grimstead</u>, 12 Va. App. 1066, 1067,

407 S.E.2d 47, 48 (1991) (citation omitted). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). "However, we consider *de novo* whether those facts implicate the Fourth Amendment and, if so, whether the officers unlawfully infringed upon an area protected by the Fourth Amendment." Hughes v. Commonwealth, 31 Va. App. 447, 454, 524 S.E.2d 155, 159 (2000) (*en banc*) (citing McGee, 25 Va. App. at 198, 487 S.E.2d at 261).

"A warrantless search is per se unreasonable and violative of the Fourth Amendment of the United States Constitution, subject to certain exceptions." Tipton v. Commonwealth, 18 Va. App. 370, 373, 444 S.E.2d 1, 3 (1994) (citation omitted). However, searches made by law enforcement officers incident to arrest are permitted as an exception to the warrant requirement. See United States v. Robinson, 414 U.S. 218, 235 (1973). In Robinson, the United States Supreme Court noted that the authority to conduct a search incident to arrest is based on the need to disarm the suspect in order to take him into custody and the need to preserve evidence for later use at trial. See id. at 234. In addition to a search of the suspect's person, the police "may search the area within the arrestee's immediate control, see Chimel [v. California], 395 U.S. [752,] 763 [(1969)], and seize his or her personal effects that are evidence of the crime." Commonwealth v. Gilmore, 27 Va. App. 320, 328, 498 S.E.2d 464, 468 (1998).

In Knowles v. Iowa, 525 U.S. 113 (1998), the United States Supreme Court declined to expand the search incident to arrest exception to justify a search incident to a police officer's detention of an individual to issue a citation. Unless either of the two historical rationales for the exception arise in a specific situation, namely "(1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial," id. at 116, the Court held there is no search incident to citation exception. Id. at 119. See also Lovelace v.

Commonwealth, 258 Va. 588, 596, 522 S.E.2d 856, 860 (1999) ("After Knowles, an 'arrest' that is effected by issuing a citation or summons rather than taking the suspect into custody does not, by itself, justify a full field-type search."). If either of the historic rationales for the search incident to arrest exception exists, however, the permissible search must be limited to the extent necessary to satisfy those specific concerns or needs. See id. at 596-97, 522 S.E.2d at 860.

The police officers in this case observed appellant in a public park at night when the park was closed. When asked about his presence there, appellant said he was drinking a beer. Appellant said that the beer was in the bag he was carrying. Moreover, as Roy was unzipping the bag but before he observed anything inside it, appellant admitted that the beer was open.

Both drinking alcohol in a public place and possessing an open container of alcohol in a Charlottesville city park are punishable as Class 4 misdemeanors. See Code § 4.1-308; Charlottesville Code of Ordinances § 17-37. At the time Officer Roy unzipped the bag, he possessed probable cause to believe appellant had committed or was committing both offenses. Under the circumstances, however, Code § 19.2-74 authorized Officer Roy only to issue appellant a summons for such an offense rather than place him under full custodial arrest.[1]

---

[1] Code § 19.2-74(A)(2) provides:

> Whenever any person is detained by or is in the custody of an arresting officer for a violation of any county, city, or town ordinance or of any provision of this Code, punishable as a Class 3 or Class 4 misdemeanor or any other misdemeanor for which he cannot receive a jail sentence, . . . the arresting officer shall take the name and address of such person and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice. Upon the giving of such person of his written promise to appear at such time and place, the officer shall forthwith release him from custody.

Although an officer may proceed to arrest a suspect if he refuses or fails to discontinue the unlawful act, the officer believes the suspect is likely to disregard the summons, or the suspect is likely to cause harm to himself or others, see Code § 19.2-74(A)(1) and (2), no such circumstances were present here.

Despite the fact that Officer Roy could not search appellant or his property incident to an offense for which he only could issue a citation, see Knowles, 525 U.S. 113, the officer could lawfully detain appellant to investigate the alcohol violations and issue a summons. Appellant admitted the beer was in his bag and the beer was open. It was reasonable for Officer Roy to conclude that a search of the bag would yield evidence proving appellant had indeed committed the alcohol violations. Presented with a definite need to preserve evidence of the suspected offenses, Officer Roy was entitled to look inside appellant's bag for the limited objective of recovering such evidence.

Officer Roy opened the bag and observed a container of beer that had been opened but recapped. Beneath the beer was a firearm. Having lawfully opened appellant's bag and observed a firearm in plain view, Officer Roy needed no further justification to seize the weapon appellant had carried about his person hidden from common observation. See Hilliard v. Commonwealth, 17 Va. App. 23, 26, 434 S.E.2d 911, 913 (1993) (articulating requirements of the plain view exception); Code § 18.2-308.

Because the police did not violate appellant's Fourth Amendment rights in the search of appellant's bag and the seizure of the evidence, the trial court did not err in denying the motion to suppress.[2] Therefore, we affirm appellant's conviction.

Affirmed.

---

[2] Because we determine that the search of the bag was justified by the need to preserve evidence, we need not consider whether exigent circumstances allowed the officers to dispense with the search warrant requirement. See, e.g., Arkansas v. Sanders, 442 U.S. 753 (1979). While our decision affirms the denial of the motion to suppress on grounds different from those adopted by the trial court, the record reflects our reasoning was raised at trial and no further factual resolution is needed to support our rationale. See Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 314 (1992).