COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia


TOMMIE HAYWOOD, JR.

v.   Record No. 0401-94-1                     OPINION BY
                                       CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                      JULY 5, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                  Nelson T. Overton, Judge

          Charles E. Haden for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Tommie Haywood, Jr. appeals his bench trial convictions of
two counts of attempted capital murder of a police officer based
upon his acts of driving his vehicle through two roadblocks.  We
hold that the evidence was insufficient to prove the specific
intent required to convict Haywood of the attempted willful,
deliberate, and premeditated killing of the two police officers
and reverse his convictions.

     Near dusk on April 21, 1993, after drinking heavily, Haywood
hauled his boat behind his truck to a Hampton city park where he
intended to go boating.  However, Haywood was frustrated in his
attempt to get his boat into the water.  About the same time,
another boater, Wolkowich, and his family were taking their boat
out of the water.

     Upon hearing Haywood use profanity, Wolkowich told Haywood
to watch his language in front of children.  Haywood became

belligerent and, arguing with Wolkowich, took a baseball bat out of his truck and hit the hood of Wolkowich's vehicle. Haywood then got in his truck and sped off toward the park exit pulling his boat. Wolkowich promptly called the police on his cellular phone.

Several Hampton police officers were near the park and responded to the call. The first officer saw Haywood driving at a high rate of speed down the middle of the park road. The officer realized Haywood was not slowing down and pulled his car to the road side.

A second officer confronted Haywood only a short distance down the park road by putting his vehicle in Haywood's path as Haywood attempted to exit the park. Haywood was going about fifty-five miles-per-hour and did not appear to be slowing down despite the officer's roadblock. Realizing this, the officer pulled his vehicle out of the way, narrowly avoiding a collision. As if oblivious to the officer's roadblock, Haywood drove on without slowing down.

Finally, a third officer in the vicinity saw Haywood approaching at a high rate of speed. Flashing her headlights and activating her siren and red lights, the officer stopped her vehicle in her lane of travel with the front end aimed toward the middle so that Haywood would know to stop. Again, Haywood failed to slow down and the third officer took evasive action to avoid being hit head-on.

Haywood kept driving with police cars in pursuit, but

eventually wrecked his truck and trailer in a ditch.  Haywood abandoned his truck and ran to his home where he barricaded his front door with a sofa.  Police later gained entrance to Haywood's home and arrested him after they found Haywood naked, hiding under his waterbed.

Based on Haywood's near collisions with the second and third officers, Haywood was indicted on and, in a bench trial, found guilty of two counts of attempted capital murder of a police officer.

Code § 18.2-31.6 states that the "willful, deliberate, and premeditated killing of a law-enforcement officer . . . when such killing is for the purpose of interfering with the performance of his official duties" shall constitute capital murder.  A person cannot be guilty of an attempt to commit murder unless he has a specific intent to kill.  Merritt v. Commonwealth, 164 Va. 653, 661, 180 S.E. 395, 398 (1935).

"`An attempt to commit a crime is composed of two elements: (1) The intent to commit it; and (2) a direct, ineffectual act done towards its commission.'"  Id. at 657, 180 S.E. at 397 (citation omitted).  "Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances.  It is a state of mind which may be proved by a person's conduct or by his statements."  Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969); see Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).  "[A] person is presumed to intend the immediate, direct, and necessary consequences of his

voluntary act." Nobles, 218 Va. at 551, 238 S.E.2d at 810.

"[W]hether the required intent exists is generally a question for the trier of fact." Id.

In examining the issue in Merritt, which discussed both an attempt and murder, the Supreme Court stated that "while a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of an attempt to commit murder unless he has a specific intent to kill." 164 Va. at 660, 180 S.E. at 398.

> A common example illustrating this principle is: "If one from a housetop recklessly throw down a billet of wood upon the sidewalk where persons are constantly passing, and it fall upon a person passing by and kill him, this would be by the common law murder. But if, instead of killing, it inflicts only a slight injury, the party could not be convicted of an assault with intent to commit murder."

Id. at 660-61, 180 S.E. at 398.

> "Where the substantive crime intended requires a specific intent, though this intent does not in the same sense as in the other case aggravate what is done, still it adds a culpability which mere general malevolence could not give. . . . When we say that a man attempted to do a given wrong, we mean that he intended to do it specifically; and proceeded a certain way in the doing. The intent in the mind covers the thing in full; the act covers it only in part.
>
> * * * To commit murder, one need not intend to take life; but to be guilty of an attempt to murder, he must so intend. It is not sufficient that his act, had it proved fatal, would have been murder."

Id. at 661, 180 S.E. at 398-99 (emphasis added); also see Hancock v. Commonwealth, 12 Va. App. 774, 783, 407 S.E.2d 301, 306 (1991).

Therefore, the question in this case is not whether

- 4 -

Haywood's acts might have resulted in the murder of the police officers. Rather, the question is whether Haywood, while driving his truck, formed the specific intent to use his vehicle as a weapon for the unequivocal purpose of murdering the police officers.

In finding Haywood guilty of attempted capital murder of the police officers, the trial judge stated:

> Under this evidence it can be inferred that at the same time but in tandem [Haywood] reached a conclusion that he was going to run over whoever was in front of him. First it was Corporal Fullman and then Officer Bowman.

The trial judge inferred from Haywood's acts that he intended to kill the police officers. However, Haywood's convictions were based solely on circumstantial evidence and, therefore, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. Behrens v. Commonwealth, 3 Va. App. 131, 137, 348 S.E.2d 430, 433 (1986). Here, while the evidence may support an hypothesis that Haywood acted with malice and intended to run over or through anyone or anything that got in his way, the Commonwealth's evidence failed to exclude another reasonable hypothesis of Haywood's acts which, if true, would exonerate him of the charges of attempted capital murder of the police officers.

That Haywood, who was in trouble with the law, merely attempted to run a roadblock to avoid apprehension is a reasonable hypothesis of innocence which the Commonwealth's evidence failed to exclude. At trial, Haywood testified that he

fled from the park and drove at a high rate of speed because he "was driving on a suspended driver's license and [] had been drinking and [] was in ASAP and [] owned [his] own business [] didn't want to throw it all away."  There was no evidence that Haywood ever swerved or aimed his truck to hit the police cars when they pulled out of his path or that he turned his truck around in an attempt to hit the police cars after passing by them.

"[W]here a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him."  Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969).  From the Commonwealth's evidence, it is just as likely, if not more likely, that Haywood attempted to avoid police apprehension by driving toward their cars, indifferent to the consequences in risking a collision, because he believed that he could crash through any vehicle in his way or that the police would move out of his way, which they did.  Thus, because the Commonwealth presented no direct evidence that Haywood in running the road blocks intended to murder the police officers and because its circumstantial evidence did not exclude a reasonable hypothesis of innocence, we reverse Haywood's convictions.

                                                    Reversed.