COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia


GEORGE E. BATES
                                MEMORANDUM OPINION[*]
v.       Record No. 2126-96-2    BY JUDGE JOSEPH E. BAKER
                                    JUNE 10, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Thomas N. Nance, Judge

        Alice Sheridan Carrasco, Assistant Public
        Defender (David J. Johnson, Public Defender,
        on brief), for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


        George E. Bates (appellant) appeals from his bench trial

convictions by the Circuit Court of the City of Richmond (trial

court) for two counts of attempted capital murder in violation of

Code §§ 18.2-25 and 18.2-31(6).  The sole issue presented by this

appeal is whether the evidence is sufficient to support the

charge that appellant formed a specific intent to kill two law

enforcement officers while in the performance of their duties.

        Upon familiar principles, we review the evidence in the

light most favorable to the Commonwealth, granting to it all

reasonable inferences fairly deducible therefrom.  Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

        On November 13, 1995, Richmond Police Officer James Hanna

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and Trooper Thomas R. Taylor, in a police vehicle, were following a Jeep Cherokee (Jeep) which they suspected was stolen. After Hanna had received verification that the vehicle had been stolen, the officers began to pursue the Jeep.

Appellant, age fourteen, was the driver of the Jeep. He led Hanna and Taylor on a chase encompassing a large area at speeds between fifty and seventy miles per hour. Ultimately, as appellant approached an entrance ramp to Interstate 64, he lost control of the Jeep. The left side of the Jeep went into the grass off of the left shoulder of the ramp. It spun around 180 degrees and came to a halt facing Hanna and Taylor as they sat in their vehicle.

Both vehicles remained at a stop for three to five seconds. Taylor and appellant made eye contact during this time. Hanna and Taylor released their seat belts, intending to exit their vehicle, when Taylor suddenly advised Hanna to "hold it." Taylor saw grass begin to fly up from behind the Jeep as its tires turned. The Jeep began to move forward and rammed the police car "head on."

Appellant exited the Jeep and ran, followed by Hanna. When Hanna caught appellant, Hanna said to him, "[Y]ou could have hurt us or you could have hurt somebody else." Appellant responded, "I don't give a f___ about you."

Appellant testified in his defense and stated that as the Jeep spun around he had one foot on the gas pedal and the other

foot on the brake pedal at the same time. He took his foot off the brake to exit the Jeep, however, he said, "the Jeep took off by itself" and, before he could hit the brake, he had collided with the police car. Appellant did not deny that he attempted to escape and agreed that he had been sitting in the car three to four seconds before it moved forward. Appellant specifically denied that he intended to kill the officers.

The Commonwealth argues that the evidence must be viewed in the light most favorable to the Commonwealth, that the trial court's judgment must not be set aside unless plainly wrong or without evidence to support it, and that, if we apply those principles to the facts in appellant's case, we are required to affirm the judgment of the trial court. See Code § 8.01-680; Martin, 4 Va. App. at 443, 358 S.E.2d at 418. We agree that these are well established legal principles, however, we hold that the evidence was insufficient to support the judgment because the record fails to show the specific intent to kill the officers necessary to support a conviction for violation of Code §§ 18.2-25 and 18.2-31(6).

To sustain a conviction of attempted murder, the evidence must establish both a specific intent to kill and an overt but ineffectual act committed in furtherance of this criminal purpose. Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "'[W]hile a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of

an attempt to commit murder unless he has a specific intent to kill.'"  Haywood v. Commonwealth, 20 Va. App. 562, 566, 458 S.E.2d 606, 608 (1995) (quoting Merritt v. Commonwealth, 164 Va. 653, 660, 180 S.E. 395, 398 (1935)).  It is not sufficient that appellant's act, had it proved fatal, would have been murder. See Haywood, 20 Va. App. at 566, 458 S.E.2d at 608.  Thus, the question in appellant's case is not whether appellant's acts might have resulted in the murder of the police officers. Instead, the question is whether the evidence showed that when appellant drove his vehicle toward the police vehicle he had "formed the specific intent to use [the Jeep] as a weapon for the unequivocal purpose of murdering the police officers."  See id.  Appellant testified that he did not intend to murder the police officers.  While the physical evidence tends to contradict appellant's version of how the collision occurred, it is insufficient to establish beyond a reasonable doubt that appellant intended anything other than to make his escape and avoid arrest for theft of the Jeep.

As in every criminal prosecution, the burden is upon the Commonwealth to prove guilt beyond a reasonable doubt.  Every element of the crime must be so proved and every reasonable hypothesis consistent with the innocence of the accused must be excluded by the Commonwealth.  Corbett v. Commonwealth, 210 Va. 304, 306, 171 S.E.2d 251, 253 (1969) (citations omitted).  Here, it is as likely that appellant's intent was only to assure his

escape as it was to kill the officers.  Where the facts are equally susceptible to two interpretations, one of which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt that interpretation which incriminates the accused.  Haywood, 20 Va. App. at 567, 458 S.E.2d at 609. Considering the evidence here, we cannot declare that one interpretation of the facts predominates over the other.

For the reasons stated, we reverse the judgment of the trial court and remand the case for such further action as the Commonwealth may be advised.

Reversed and remanded.