COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


JAMES HALL

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2572-96-2              JUDGE JERE M. H. WILLIS, JR.
                                           DECEMBER 30, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Donald W. Lemons, Judge

              Matthew T. Paulk, Assistant Public Defender
              (David J. Johnson, Public Defender, on
              brief), for appellant.

              Eugene Murphy, Assistant Attorney General
              (Richard Cullen, Attorney General, on brief),
              for appellee.



     On appeal from his bench trial conviction for malicious

wounding, James Hall contends that the evidence was insufficient

to prove his malicious intent to maim, disfigure, disable or

kill.  We affirm the judgment of the trial court.

     At approximately noon on March 25, 1996, Hall entered the

Fantastic Thrift Store in Richmond.  He walked to the electronics

section, placed a telephone in a plastic bag and exited the

store.  Michael Cridten,[1] the store manager, followed Hall and

called for him to stop.  Hall began to run away.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]For the purposes of this opinion, we assume that the proper
spelling of the victim's name is Michael Cridten, as he testified
 at trial.  The transcript and indictment offered different
spellings of the victim's last name, Critden and Crittenden,
respectively.

Cridten and another store employee, Steve Heck, caught Hall. Hall resisted their efforts to apprehend him and told them that he had acquired immune deficiency syndrome (AIDS). Hall stipulated at trial that he had tested positive for the human immunodeficiency virus (HIV).

As Cridten and Heck returned to the store with Hall, five or six men, one of whom carried a baseball bat, surrounded them. The men demanded that Cridten and Heck free Hall. Continuing to struggle, Hall bit Cridten on the hand, breaking the skin. He bit Heck on the wrist. Cridten and Heck released Hall but followed him. They caught him again, and held him until a police detective arrived.

At trial, Hall testified that he told Cridten and Heck that he had AIDS merely to avoid being physically assaulted. He stated that he bit them because he "didn't want to go to jail."

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680).

A conviction of malicious wounding, under Code § 18.2-51, requires proof that the assailant maliciously intended to maim, disfigure, disable or kill his victim. Because direct evidence

of malicious intent is often lacking, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), proof of the defendant's purpose may "'be inferred from the facts and circumstances in a particular case,'" and may be "shown by a person's conduct and by his statements." Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989).

Hall does not dispute the dangerous nature of the instrumentality that he employed to cause bodily injury.[2] Rather, he contends that he lacked the specific intent to maim, disfigure, disable or kill. Citing Haywood v. Commonwealth, 20 Va. App. 562, 458 S.E.2d 606 (1995), he argues that he intended merely to escape.

In Haywood, the police sought to stop the defendant, who was fleeing in a vehicle. Two officers attempted to block his flight by moving their vehicles into his path. Id. at 564-65, 458 S.E.2d at 607. The defendant did not stop, and the officers moved out of his way. Id. In reversing Haywood's convictions for attempted capital murder, we noted that: "There was no

---

[2]While we are not asked to decide whether Hall's teeth are a dangerous weapon, we note that "[a] deadly weapon is one which is likely to produce death or great bodily injury from the manner in which it is used," Pannill v. Commonwealth, 185 Va. 244, 254, 38 S.E.2d 457, 462 (1946), and "the Commonwealth was not constrained to prove that the method [] used to cause bodily harm was inherently dangerous." Long, 8 Va. App. at 197, 379 S.E.2d at 475. See United States v. Sturgis, 48 F.3d 784, 787-88 (4th Cir.), cert. denied, 116 S. Ct. 107 (1995) (upholding conviction for assault with a dangerous weapon where defendant bit two correctional officers while he was HIV positive); Dawkins v. Commonwealth, 186 Va. 55, 63, 41 S.E.2d 500, 504 (1947).

evidence that Haywood ever swerved or aimed his truck to hit the police cars when they pulled out of his path or that he turned his truck around in an attempt to hit the police cars after passing by them."  Id. at 567, 458 S.E.2d at 608-09.  We concluded that the Commonwealth failed to exclude the reasonable hypothesis that Haywood merely intended to avoid apprehension. Had he swerved toward the officers or injured them, the trier of fact might have inferred that he sought to kill them.  See id.; Matthews v. State, 476 N.E.2d 847, 850 (Ind. 1985) (upholding conviction for attempted battery despite contention that defendant sought only to escape from police officers when he fired shots).

Hall did not merely attempt to bite or threaten to bite Cridten and Heck and, by so doing, attempt to escape.  Rather, he announced that he was infected with AIDS.  Shortly thereafter, he bit Cridten, breaking the skin.  This supports the inference that he intended to infect Cridten with AIDS, a deadly disease.  See Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc).  That he may have had escape as his primary goal does not preclude his harboring a secondary criminal purpose.  See Hughes v. Commonwealth, 18 Va. App. 510, 530-31, 446 S.E.2d 451, 463 (1994) (en banc) (Coleman, J., concurring).

Finally:
> "Malice inheres in the doing of a wrongful
> act intentionally, or without just cause or
> excuse, or as a result of ill will.  It may
> be directly evidenced by words, or inferred
> from acts and conduct which necesarily [sic]

> result in injury.  Its existence is a
> question of fact to be determined by [the
> trier of fact]."

Long, 8 Va. App. at 198, 379 S.E.2d at 475-76 (quoting Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947)).

The trial court's finding that the biting was performed with the requisite malicious intent is neither plainly wrong nor without evidence to support it.  Accordingly, we affirm the judgment of the trial court.

Affirmed.

Benton, J., dissenting.

Because Hall's conviction was "based solely on circumstantial evidence, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence," Haywood v. Commonwealth, 20 Va. App. 562, 567, 458 S.E.2d 606, 609 (1995), and must "exclude every reasonable hypothesis of innocence." Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983). "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt." Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1977) (citation omitted).

The majority holds that the evidence "supports the inference that [Hall] intended to infect Cridten with AIDS, a deadly disease." Although the evidence might have supported that inference, the Commonwealth's evidence also supports the inference that Hall bit Cridten merely to avoid apprehension. Thus, the evidence failed to exclude another reasonable hypothesis explaining Hall's acts and intention. This other hypothesis "would exonerate [Hall] of the charge[] of [malicious wounding]." Haywood, 20 Va. App. at 567, 458 S.E.2d at 609.

The evidence proved that after Cridten confronted Hall about the theft, Hall ran. Cridten and Heck caught Hall and tackled him to the ground. As they pulled Hall to his feet, Hall told

them he had the AIDS virus. Heck testified that when Hall said he had the AIDS virus, Hall also said "let me go . . . take it easy." Hall testified that he wanted "them [to] turn [him] loose because they [were] handling [him] pretty rough."

When Cridten and Heck were leading Hall back to the store, a group of men, one of whom was carrying a baseball bat, surrounded them and told Cridten and Heck to release Hall. Cridten then began to explain to the men that he was holding Hall because Hall had stolen from his store. At this point, Hall began to struggle, hitting, scratching, and biting in an attempt to get away. Indeed, when Cridten released his grip, Hall ran away. Hall testified that he bit Cridten's hand in an attempt to escape because he didn't want to go to jail.

From this evidence, it is just as likely, if not more likely, that Hall bit Cridten in an attempt to escape and avoid police apprehension as it is that he intended to maim, disfigure, disable or kill Cridten. See id. "'[W]here a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him.'" Id. (quoting Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969)). Although the circumstantial evidence permits an inference that Hall may have intended to infect Cridten by biting him after informing Cridten that he was infected with AIDS, the circumstantial evidence clearly did not

exclude an equally, if not more probable, reasonable hypothesis of innocence that when Hall bit Cridten he intended only to escape from Cridten's grip.  Therefore, I would reverse Hall's conviction.