COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton, Willis, Elder,
          Bray, Annunziata, Bumgardner, Frank, Humphreys,
          Clements and Agee
Argued at Richmond, Virginia


WILLIAM ANDREW KING, JR.
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2834-98-2           JUDGE JAMES W. BENTON, JR.
                                         MARCH 20, 2001
COMMONWEALTH OF VIRGINIA


                    UPON A REHEARING EN BANC

        FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                Oliver A. Pollard, Jr., Judge

        Mary Katherine Martin, Senior Assistant
        Public Defender, for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     The trial judge convicted William Andrew King, Jr. of

attempted murder, use of a firearm during the commission of

attempted murder, and failure to appear in court.  King contends

the evidence was insufficient to sustain the convictions of

attempted murder and use of a firearm in an attempt to commit

murder.  In an unpublished opinion, a divided panel of this

Court affirmed the convictions; see King v. Commonwealth, 00 Va.

UNP 2834982, No. 2834-98-2 (Va. Ct. App. July 25, 2000);

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

however, we stayed the mandate of that decision and granted rehearing en banc. Upon rehearing en banc, we reverse the convictions for attempted murder and use of a firearm in an attempt to commit murder.

I.

The evidence proved that Hamidullah Muhammad was walking home after 9:00 p.m. when a car occupied by three men stopped near him. One of the men shouted a racial epithet at Muhammad and said, "come here." Muhammad "knew it wasn't safe" and kept walking. As Muhammad reached the parking lot of his apartment complex, he saw King walking behind him with a gun. Muhammad testified that the gun was "straight down" by King's side and "wasn't . . . pointing at [Muhammad]."

Muhammad turned and ran to his apartment. King chased him. As Muhammad opened his apartment door and jumped in, he heard a shot and quickly closed his door. He did not see King shoot the gun and did not see King after he closed his door. A police officer who responded to Muhammad's complaint testified that he examined the outside of Muhammad's apartment and saw no indication that a bullet hit the building or any of its fixtures.

Later that evening, police officers stopped a car, which was occupied by King and two other men. After the officers removed King from the back seat, they discovered on that seat a revolver, which had been recently fired and which contained one

-

spent shell casing.  The officers also recovered another revolver on the floorboard on the front passenger side.

At the conclusion of the evidence, the trial judge convicted King of all charges, including attempted murder and use of a firearm in an attempt to commit murder.  This appeal followed.

## II.

"To sustain a conviction for attempted murder, the evidence must establish both a specific intent to kill the victim and an overt but ineffectual act committed in furtherance of the criminal purpose."  Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987).  "In most cases, of course, the [Commonwealth] must satisfy its burden of proving specific intent by circumstantial evidence."  Dickerson v. City of Richmond, 2 Va. App. 473, 477, 346 S.E.2d 333, 335 (1986).  Under familiar principles, however, proof by circumstantial evidence is insufficient if it creates merely a suspicion of guilt.  Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963).  The evidence must be consistent with guilt and exclude every reasonable hypothesis that the accused had another intent.  See id.  Thus, as in every criminal prosecution, "[t]he Commonwealth must prove each element of a charged offense beyond a reasonable doubt."  Blaylock v. Commonwealth, 26 Va. App. 579, 589, 496 S.E.2d 97, 102 (1998); Jackson v. Virginia, 443 U.S. 307, 315-16 (1979).

-

In denying King's motion to strike, the trial judge expressed the uncertain state of the evidence when he remarked that if King was "not intending to kill [Muhammad] or rob him, what's the purpose" in chasing him.  No evidence proved, however, that King threatened to kill Muhammad or said anything indicating his intent.  Muhammad testified that he saw King holding a gun at his side pointing downward.  Although he heard a shot, he never saw the gun pointed at him.  Significantly, no evidence proved that the bullet went near Muhammad, hit the apartment or any part of the building's structure, or traveled at any direction toward him.  Muhammad did not testify that he heard the bullet passing through the air near his body.  No bullet was located.

The evidence proved only that while King chased Muhammad, Muhammad heard a gunshot.  From this evidence, it is just as likely that King fired a shot into the air or stumbled and accidentally discharged the gun.  Proof that King had a gun which discharged is not enough, standing alone, to prove his intent to murder Muhammad.  "The Commonwealth 'must prove beyond a reasonable doubt both the act and [the] mental state.  Sufficient proof of one element, but not the other, will result in reversal.'"  Harrell v. Commonwealth, 11 Va. App. 1, 7, 396 S.E.2d 680, 682 (1990) (citation omitted) (emphasis added).  Thus, we must decide not whether King's acts might have resulted in the death of Muhammad, but whether the evidence showed that

-

when King chased Muhammad, he had "formed the specific intent"

to kill Muhammad.  See Haywood v. Commonwealth, 20 Va. App. 562,

566, 458 S.E.2d 606, 608 (1995) (holding that "'while a person

may be guilty of murder though there was no actual intent to

kill, he cannot be guilty of an attempt to commit murder unless

he has a specific intent to kill'").

The trial judge erred when he invoked the following

presumption:

> So the State has produced a situation where
> a man with a gun chases another man down the
> street.  The gun is fired.  That presumption
> is he's trying to kill him.

"The necessary intent [the Commonwealth must prove] . . . is the

intent in fact, as distinguished from an intent in law."

Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598

(1974).

> [W]here a statute makes an offense consist
> of an act combined with a particular intent,
> such intent is as necessary to be proved as
> the act itself, and it is necessary for the
> intent to be established as a matter of fact
> before a conviction can be had.  Surmise and
> speculation as to the existence of the
> intent are not sufficient, and "no intent in
> law or mere legal presumption, differing
> from the intent in fact, can be allowed to
> supply the place of the latter."

Dixon v. Commonwealth, 197 Va. 380, 382, 89 S.E.2d 344, 345

(1955) (emphasis added).

When explaining his ruling, the trial judge, in effect,

confirmed that the evidence left unresolved which of at least

-

three possibilities explained King's intentions.  He noted that the evidence left unexplained whether King was "trying to kill him" or "trying to rob him" or "trying to shoot him so he can rob him."  Where the facts are equally susceptible to multiple interpretations, at least one of which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt that interpretation which incriminates the accused.  See Haywood, 20 Va. App. at 567, 458 S.E.2d at 609.  Indeed, proof that leaves indifferent what King intended is insufficient to satisfy the Commonwealth's burden of proving the element of intent beyond a reasonable doubt.  See Smith v. Commonwealth, 16 Va. App. 626, 627-28, 432 S.E.2d 1, 2 (1993).

> Proof by circumstantial evidence "is not sufficient . . . if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture." "'[A]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt."  The Commonwealth need not "exclude every possible theory or surmise," but it must exclude those hypotheses "which flow from the evidence itself."

Betancourt v. Commonwealth, 26 Va. App. 363, 373-74, 494 S.E.2d 873, 878 (1998) (citations omitted).  The physical evidence did not prove where the bullet landed.  It did not prove whether

-

King purposefully or accidentally discharged the gun. Thus, the evidence was insufficient to establish beyond a reasonable doubt that King intended to kill.

In summary, Muhammad testified that King had a weapon, that King chased him, and that he heard a single shot fired. The totality of circumstances did not prove an attempt to murder with any more certainty than it proved that King purposefully discharged a firearm to frighten Muhammad, that the firearm accidentally discharged, or that King was only trying to rob Muhammad. No evidence proved the weapon was ever aimed at Muhammad, and no evidence proved King threatened to kill Muhammad. "Suspicion, no matter how strong, is not enough. Convictions cannot rest upon speculation and conjecture." Littlejohn v. Commonwealth, 24 Va. App. 401, 415, 482 S.E.2d 853, 860 (1997). "[E]ven a probability of guilt . . . is insufficient to support a criminal conviction." Bishop v. Commonwealth, 227 Va. 164, 170, 313 S.E.2d 390, 393 (1984). Accordingly, we reverse the conviction for attempted murder and the corresponding conviction for use of a firearm in an attempt to commit murder.

Reversed.

Humphreys, J., with whom Bumgardner, J., joins, dissenting.

I dissent from the majority's holding that the evidence was insufficient as a matter of law to sustain King's convictions of attempted murder and use of a firearm in an attempt to commit murder.  The majority reviewed the evidence and determined that it was insufficient to establish that King possessed the specific intent to kill the victim.  I disagree with the majority's holding.

Whether the required intent exists is generally a question for the trier of fact.  See Haywood v. Commonwealth, 20 Va. App. 562, 566, 458 S.E.2d 606, 608 (1995).  As such, this determination is binding unless plainly wrong.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The evidence established that one of three men in a car that drove by the victim as he was walking home, shouted a racial epithet at him and demanded that he approach the vehicle. The victim "knew it wasn't safe," and kept walking.  King, who was a stranger to the victim, then got out of the car, with a loaded gun in his hand.  At that point, King was twenty-five feet behind the victim.  He began to chase the victim, and the victim ran.  No demand was made of the victim to turn over personal property, nor did King brandish the gun at the victim or call for him to halt.  The victim heard the gunshot just as he was about to enter the safety of his apartment building. Based on this evidence, I would find that it was not

-

unreasonable for the court, as the trier of fact, to conclude

that this was the last opportunity for King to shoot the victim.

>The specific intent to commit [a crime] may
>be inferred from the conduct of the accused
>if such intent flows naturally from the
>conduct proven.  Where the conduct of the
>accused under the circumstances involved
>points with reasonable certainty to a
>specific intent to commit [the crime], the
>intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674

(1995) (citations omitted).

Furthermore, as the majority recognizes, "[t]he

Commonwealth need only exclude reasonable hypotheses of

innocence that flow from the evidence, not those that spring

from the imagination of the defendant."  Hamilton v.

Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Here, taking the evidence in the light most favorable to the

Commonwealth, as we must, I would hold that the trial court's

determination was not "plainly wrong."  Therefore, I dissent

from the majority's holding and would affirm King's convictions.