COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Kelsey and Senior Judge Overton
Argued at Chesapeake, Virginia


DARIUS LEROY COLLINS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1907-04-1        JUDGE NELSON T. OVERTON
                                                    OCTOBER 4, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Stephen B. Plott (Collins & Plott, PLC, on brief), for appellant.

Deana A. Malek, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Darius Leroy Collins appeals convictions of armed statutory burglary in violation of Code

§ 18.2-90 and use of a firearm in the commission of a felony in violation of Code § 18.2-53.1.

Collins contends the evidence was insufficient to prove he intended to commit a robbery when he

entered the victim's residence.  We disagree, and affirm.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

The evidence proved that Robert Block responded to a knock on his door and, when he

opened the door, he saw Collins.  Collins stuck his head inside Block's apartment, looked

around, asked for Josh, and left.  Moments later, there was another knock on the door.  When

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Block opened the door, Collins pointed a firearm at Block, pushed his way into the apartment and stated, "Get the fuck down." Kurt Keady was visiting Block, and Keady and Block disarmed Collins.

Collins testified that he went to Block's apartment with Scott Davis because Davis owed Block money. Collins testified that Davis and Block conversed in the outside foyer of Block's apartment and that Block went inside his apartment, returning a short time later with a pistol. Collins testified that Block hit him with the pistol. Collins denied entering Block's apartment.

Collins was charged with armed statutory burglary, two counts of attempted robbery, and three counts of use of a firearm in the commission of a felony. At the conclusion of the evidence, the trial judge dismissed the two counts of attempted robbery and the related firearm charges. The trial judge stated the evidence was "just not quite sufficient to prove an attempt to rob because I could just as easily hypothesize that [Collins] was going to [commit] murder . . . or some other thing that qualifies under the statutory burglary charge."

## ANALYSIS

Collins argues the evidence was insufficient to convict him of statutory burglary, reasoning that, because the evidence was insufficient to prove a specific intent to rob as required for attempted robbery, the evidence was also insufficient to prove the armed statutory burglary charge.[1] For the reasons that follow, we disagree.

Code § 18.2-90 provides in part:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house . . . with intent to commit murder, rape, robbery or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80, he shall be deemed guilty of statutory burglary, which offense shall be a Class 3 felony. However, if such person was armed with a deadly

---

[1] Collins contends the armed burglary charge was based upon his unlawful entry into the apartment with the intent to commit a robbery.

weapon at the time of such entry, he shall be guilty of a Class 2 felony.

"'[W]hether the required intent exists is generally a question for the trier of fact.'"

Haywood v. Commonwealth, 20 Va. App. 562, 565-66, 458 S.E.2d 606, 608 (1995) (citation omitted).

> When an unlawful entry is made into the dwelling of another, the presumption is that the entry is made for an unlawful purpose. The specific purpose, meaning specific intent, with which such an entry is made may be inferred from the surrounding facts and circumstances. Thus, the [trier of fact] was entitled to draw on all the circumstances shown by the evidence to determine what [the defendant's] intent actually was when he entered the apartment.

Scott v. Commonwealth, 228 Va. 519, 524, 323 S.E.2d 572, 575 (1984) (internal citations omitted).

> [A] person often acts with two or more criminal intentions. A person may commit a crime with more than one purpose, and the fact that the act is done with two or more specific objectives does not mean that the Commonwealth has failed to prove the specific intent to commit the charged crime. Thus, when the Commonwealth proves beyond a reasonable doubt that an accused has committed a criminal act with both a primary and a secondary purpose in mind, both or either of which purposes are criminal, the Commonwealth has met its burden of proving the element of specific intent.

Hughes v. Commonwealth, 18 Va. App. 510, 530-31, 446 S.E.2d 451, 463 (1994) *(en banc)* (Coleman, J., concurring).

Collins was indicted for unlawfully entering Block's residence "with the intent to commit robbery or a felony, in violation of Code § 18.2-90." Although the trial judge determined there was insufficient evidence to support the attempted robbery charges, he found that Collins had "some criminal responsibility" for unlawfully entering Block's apartment while armed with a firearm. Collins entered Block's residence, pointed a firearm at Block, and ordered Block and Keady to get down. Instead of complying with Collins' command, Block and Keady fought

- 3 -

back.  The determination of Collins' intent when he unlawfully entered Block's apartment was a question for the trier of fact.  There was sufficient evidence for the trial judge to infer that Collins' specific intent when he unlawfully entered the apartment with a firearm was to commit one of the felonies enumerated in Code § 18.2-90, such as murder.  Accordingly, we affirm Collins' convictions for armed statutory burglary in violation of Code § 18.2-90 and the related use of a firearm in the commission of a felony in violation of Code § 18.2-53.1.

Affirmed.